**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Starr, husband; and Lorita Starr, wife,<br><br>    Plaintiffs,<br><br>vs.<br><br>The Hameroff Law Firm, P.C., an Arizona professional corporation; et al.,<br><br>    Defendants. | No. CIV 06-520 TUC FRZ (GEE)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the court is a motion to compel arbitration filed on August 21, 2007, by the defendants, Unifund CCR Partners, Credit Card Receivables Fund, Inc., and ZB limited partners. [doc. #51]  The plaintiffs filed a response, and the defendants filed a reply.

The plaintiffs, Michael and Lorita Starr, were named as defendants in a collection action filed previously in state court.  They bring the instant action against the state court plaintiff and its attorney claiming the state court complaint violates the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.  In the instant motion, the defendants, Unifund CCR Partners, Credit Card Receivables Fund, Inc., and ZB limited partners, argue the credit card agreement, which resulted in the original debt, requires the Starrs to submit the instant action to arbitration.

The case has been referred to Magistrate Judge Edmonds for all pretrial matters pursuant to Local Civil Rule 72.2. Rules of Practice of the U.S. District Court for the District of Arizona.

Factual and Procedural Background

In May of 2006, the defendant, David E. Hameroff, filed a civil complaint in state court claiming the Starrs owed a credit card debt to his client, Unifund CCR Partners. [doc. 42, Exhibit A] The original debt was owed to Bank One, but Unifund CCR Partners alleged that it acquired the debt at some later date. *Id.* Hameroff asserted in the complaint that Unifund CCR Partners was entitled to an award of reasonable attorney's fees in addition to the debt principal plus interest. *Id.*

In the instant action, the Starrs claim the state court complaint violates the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. The Starrs allege their original credit card agreement with Bank One states as follows: "This agreement shall be governed by applicable federal law and the laws of the State of Ohio." (Amended complaint.) They further allege attorney's fees are not recoverable under Ohio law in an action arising out of consumer debt. *Id.* They conclude Hameroff's assertion in the state court complaint that Unifund CCR Partners was entitled to reasonable attorney's fees was a false statement, which violates the FDCPA. *Id.*

In the instant motion, the defendants, Unifund CCR Partners, Credit Card Receivables Fund, Inc., and ZB limited partners, move that the court compel the Starrs to submit the instant action to arbitration pursuant to 9 U.S.C. § 1, et seq. They assert the original credit card agreement with Bank One was amended to contain the following language:

> ARBITRATION: Any claim, dispute or controversy ("Claim") by either you or us against the other or against the employees, agents or assigns of the other, arising from or relating in any way to this Agreement or your Account, (including Claims regarding the applicability of this arbitration _____ or the validity of the entire Agreement, shall be reviewed by binding Arbitration by the National Arbitration Forum office, www.arb-forum.com or P.O. Box 50191, Minneapolis Minnesota 55405, telephone 1-800-27_-3371. Any arbitration hearing at which you appear will take place at a location within the federal judicial district that includes your billing address at the time the Claim

> is filed. This arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1 – 16. Judgment upon any arbitration award must be entered in any court having jurisdiction.

(Defendants' motion, pp. 3-4.) (The underlined sections are illegible.) The defendants argue they are agents or assignees of the original creditor and the instant action is a "claim . . . arising from or relating in any way" to the credit card "agreement" or "account." Accordingly, they move that this court direct the parties to arbitration.

The arbitration clause explicitly applies to claims brought by the Starrs against Bank One or its "employees, agents or assigns." It does not apply unless the defendants can make this threshold showing. *See AT & T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 648, 106 S.Ct. 1415, 1418 (1986) ("[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."). They have not.

The Starrs argue the defendants are not the agents or assigns of Bank One. In reply, the defendants have provided the court with no evidence in support of their assertion that they are. They seem to imply that the plaintiffs have conceded this point by their course of conduct. Indeed, the instant complaint alleges that Unifund CCR Partners obtained the Starrs' account from Bank One. This allegation, however, is just that – an allegation. The legal relationship between Unifund CCR Partners and Bank One is a matter within the knowledge of the defendants, not the plaintiffs. Accordingly, this allegation in the complaint was made not on personal knowledge but upon "information and belief." *See Langadinos v. American Airlines, Inc.*, 199 F.3d 68, (1st Cir. 2000) (Allegations may be made upon personal knowledge or on "information and belief."). It is entirely proper to make allegations on this basis in the complaint. They give the defendant notice of the plaintiff's claim and ordinarily allow the plaintiff to survive a motion to dismiss pursuant to Rule 12(b)(6). FED.R.CIV.P. They are not, however, proof of a fact at issue. *See, e.g.,* FED.R.CIV.P. 56(e) (Allegations in the pleadings do not constitute facts sufficient to survive a motion for summary judgment.).

The allegations in the complaint do not prove the defendants are the agents or assigns of the original creditor. *See Britton v. Co-op Banking Group*, 4 F.3d 742, 744 (9th Cir. 1993) (Contrary allegation in the complaint did not estop the plaintiffs from successfully challenging the defendant's status as an agent or successor in interest in its opposition to the defendant's motion to compel arbitration.). The defendants have provided no other proof on this issue. Assuming the arbitration clause is binding on the Starrs, the defendants have not shown it applies to the instant action.

Recommendation

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order

DENYING the motion to compel arbitration filed on August 21, 2007, by the defendants, Unifund CCR Partners, Credit Card Receivables Fund, Inc., and ZB limited partners. [doc. #51]

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 10 days of being served with a copy of this Report and Recommendation. If objections are not timely filed, the party's right to de novo review may be waived. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc), *cert. denied*, 540 U.S. 900 (2003).

The Clerk is directed to send a copy of this Report and Recommendation to all parties.

DATED this 31st day of October, 2007.

Glenda E. Edmonds
United States Magistrate Judge